**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 02:27 PM December 14, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| KYRA ANN ZEMLANSKY, | ) | CASE NO. 20-61684 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

This matter is before the court on Debtor's motion seeking sanctions for an alleged stay violation and seeking to disallow a secured claim (Doc. #23) (the "Motion"), filed December 10, 2020. For the reasons that follow, the court denies the Motion.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. Gen. Ord. No. 2012-07 (N.D. Ohio April 4, 2012). This is a core proceeding and the court has authority to enter final orders. 28 U.S.C. § 157(b)(2)(B), (O). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code, pro se, on November 13, 2020. Debtor alleges that she received an email from OneMain Financial Group, LLC ("Creditor") on November 18, 2020. Debtor alleges that Creditor sought to reaffirm a debt on a vehicle loan and "warned" Debtor that if she did not agree to the reaffirmation then Creditor would seek to repossess her vehicle immediately. (Debtor's Mot. at 1, ECF No. 23.) Debtor claims that Creditor's email was a blatant attempt to collect a debt in violation of the automatic stay.[1] Debtor asks the court to hold Creditor in contempt and impose sanctions under 11 U.S.C. § 362(k). Debtor also asks the court to treat Creditor's claim as unsecured, alleging that the value of the vehicle is less than the amount owed on Creditor's lien.

## DISCUSSION

Section 362(k)(1) provides that an individual who is injured by a willful violation of the automatic stay is entitled to "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." § 362(k)(1). An individual seeking damages under § 362(k)(1) "has the burden of establishing three elements by a preponderance of the evidence: (1) the action taken was in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages." Mitchell v. Anderson (In re Mitchell), 545 B.R. 209, 220 (Bankr. N.D. Ohio 2016) (citing Collett v. Lee Oil Co. (In re Collett), Nos. 13-8033, 12-61190, 2014 Bankr. LEXIS 2250, at *10 (B.A.P. 6th Cir. May 21, 2014)). Debtor is unable to meet this burden.

Absent coercion or harassment, a creditor's solicitation of a reaffirmation agreement does not run afoul of the automatic stay. See Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 423-25 (6th Cir. 2000). Here, based on the alleged email attached to Debtor's Motion, it is clear that Creditor did not violate the automatic stay.

The email asks Debtor her intentions regarding a 2005 Pontiac which serves as collateral for Creditor's loan. The email notifies Debtor that her filing of a bankruptcy petition constitutes a default under the loan agreement. The email also notifies Debtor that if she does not redeem or reaffirm the debt then Creditor "may immediately seek to enforce all of its rights, including (following any required relief from the bankruptcy court or the expiration of the automatic stay) the right to possess [her] collateral." (Ex. A. to Debtor's Mot. at 2, ECF No. 23.) The email contains a reaffirmation proposal but says that Debtor is not required by law to sign the agreement. There is no indication of coercion or harassment. Thus, Debtor is unable to meet her threshold burden of proving that Creditor violated the automatic stay.

In addition, Debtor's valuation request is inappropriate. The court does not know the value of the vehicle or the amount of Creditor's lien. Creditor has not even filed a proof of claim.

---

[1] The alleged email is attached to the Motion.

Furthermore, service of the motion was improper.  Motions for valuation and motions for contempt/sanctions are contested matters that must be served in accordance with Rule 7004.  See In re LTV Steel Co., 264 B.R. 455, 462-63 (Bankr. N.D. Ohio 2001) (holding that a motion seeking to enforce the automatic stay is a contested matter); 9 Collier on Bankruptcy ¶ 3012.03 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("A proceeding to determine the amount of a secure claim under Rule 3012(a) commences a contested matter."); Fed. R. Bankr. P. 9020 ("Rule 9014 governs a motion for an order of contempt . . . ."); Fed. R. Bankr. P.  9014(b) (in contested matters "[t]he motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 . . . .").  Debtor did not serve Creditor pursuant to Rule 7004.  Therefore, service of the Motion was improper.

For all of these reasons, the court will enter a separate order denying the Motion.

**Service List**:

Kyra Ann Zemlansky
2904 Nicholas Pl NW
Canton, OH 44708

Anthony J. DeGirolamo, Trustee
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718